No. 2-21-0377
Order filed June 1, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KELLY McCARTY, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-L-577 |
| | ) | |
| TARGET CORPORATION, | ) | Honorable |
| | ) | Mark A. Pheanis, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Bridges and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff's complaint—alleging that she was injured at defendant's retail store by another patron's use of a "kid's cart" (a shopping cart with seats for children)—established that defendant owed plaintiff, a business invitee, a general duty of reasonable care. Defendant was not entitled to an exemption from that duty for injuries caused by kid's carts. This holding does not entail that defendant was obligated to undertake any particular precautionary measures regarding kid's carts; thus, defendant's claim of excessive cost is premature and speculative. Whether the general duty of reasonable care was breached, and whether that breach caused plaintiff's injuries, are questions of fact for the jury.

¶ 2    Plaintiff, Kelly McCarty, appeals from the dismissal, under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)), of her amended complaint against defendant, Target Corporation. We reverse and remand.

¶ 3                                        I. BACKGROUND

¶ 4      In her amended complaint, plaintiff alleged that, on or about December 1, 2018, she was shopping at defendant's store in North Aurora.  Defendant provided customers with what plaintiff referred to as "kid's carts"—extended-length shopping carts with plastic seats for children.  While shopping, plaintiff was struck and injured by a kid's cart being used by another customer.  The cart was carrying three children.  Plaintiff alleged, *inter alia*, that defendant knew or reasonably should have known that (1) the kid's carts, with their extended length, presented a danger to defendant's customers; (2) customers using the carts "would not be able to gage [*sic*] the additional length of the kid's carts when compared to regular shopping carts"; (3) due to the design of the carts, customers would be unable to see in front of them; (4) customers would put more children in the cart than it was designed to hold, obscuring the view in front of the cart; and (5) it was foreseeable that a customer using a kid's cart would collide with another customer.

¶ 5      Plaintiff further alleged that defendant was guilty of various negligent acts or omissions including, *inter alia*: (1) failing to warn of the dangers of kid's carts; (2) failing to instruct customers on the safe use of kid's carts; and (3) failure to limit the number of children allowed in kid's carts.

¶ 6      Before plaintiff filed her amended complaint, defendant moved under section 2-615 of the Code to dismiss her original complaint for failure to state a cause of action.  After plaintiff amended her complaint, defendant elected to stand on its previously filed motion to dismiss.  The trial court granted the motion, finding "no logical basis for imposing the duty of reasonable care required of one using a shopping cart on anyone other than the person using the cart."  This appeal followed.

¶ 7                                        II. ANALYSIS

¶ 8      A motion to dismiss under section 2-615 of the Code challenges the legal sufficiency of the complaint. *State of Illinois ex rel. Pusateri v. People's Gas Light & Coke Co.*, 2014 IL 116844, ¶ 8. "A court deciding a section 2-615 motion must accept all well-pleaded facts in the complaint as true, and it should dismiss the complaint only where it is apparent no set of facts could be proven that would entitle the plaintiff to recover." *Id.*  The trial court's ruling on a motion to dismiss is reviewed *de novo*. *Id.*

¶ 9      Plaintiff's complaint sounds in negligence. "To state a cause of action for negligence, a complaint must allege facts that establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430 (2006).  The existence of a duty in a particular case is a question of law for the court. *Id.*  In contrast, whether the defendant breached the duty and whether the breach was the proximate cause of an injury to the plaintiff are factual matters for the jury to decide. *Id.*  At issue here is whether the allegations of the amended complaint established the existence of a duty of care.

¶ 10      "The touchstone of this court's duty analysis is to ask whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Id.* at 436.  Certain special relationships create a duty of care as a matter of law.  Section 314A of the Restatement (Restatement (Second) of Torts § 314A (1965)), which has been adopted by Illinois courts (see *Marshall*, 222 Ill. 2d at 438), identifies four such relationships.  As relevant here, section 314A(3) provides that a possessor of land who holds it open to the public is under a duty to members of the public who enter in response to his invitation to protect them against unreasonable risk of physical harm.

Restatement (Second) of Torts § 314A(3) (1965). This relationship "may also be referred to as the relationship between business invitor and invitee." *Marshall*, 222 Ill. 2d at 438-39.

¶ 11    Section 344 of the Restatement (Restatement (Second) of Torts § 344 (1965)) provides, in pertinent part:

> "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons *** and by the failure of the possessor to exercise reasonable care to
>
>> (a) discover that such acts are being done or are likely to be done, or
>>
>> (b) give a warning adequate to enable the visitors to avoid the harm, or
>
> otherwise to protect them against it."

"[S]ection 344 represents a specific statement of the general rule articulated in section 314A of the Restatement, and long recognized by this court, that certain special relationships may give rise to an affirmative duty to aid or protect another against unreasonable risk of physical harm." *Marshall*, 222 Ill. 2d at 438.

¶ 12    In *Marshall*, the court noted that, in analyzing whether a particular relationship gives rise to a duty of care, the court "often discusses the policy considerations that inform this inquiry in terms of four factors: (1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Marshall*, 222 Ill. 2d at 436-37. The lawsuit in *Marshall* arose after the plaintiff's decedent was killed when a vehicle driven by a third party crashed into the Burger King restaurant the decedent was patronizing. The plaintiff sued Burger King and the

franchisee. The trial court dismissed the plaintiff's negligence complaint, the appellate court reversed the dismissal, and the supreme court affirmed the appellate court. *Id.* at 424-25. The court held that the complaint's allegations established that the defendants owed the decedent a duty of care, as the special relationship of business invitor and invitee existed between them. *Id.* at 440. The court then applied the four factors to determine if, as the defendants argued, they were entitled to "an exemption from the duty of care that stems from the special relationship between a business invitor and invitee." *Id.* at 441.

¶ 13 On the first two factors, the court found that it was reasonably foreseeable that business invitees would be injured in automobile accidents and that the likelihood of injury was high. On the third and fourth factors, the court said:

"[T]he extensive costs to businesses and to the public that defendants claim will arise by not creating an exemption from the applicable duty of care are speculative at best. Defendants argue that businesses will incur an immense financial burden if required to protect their invitees from out-of-control automobiles and that the protective measures businesses take will make buildings everywhere less aesthetically pleasing. These arguments are based on mistaken assumptions about the nature of a duty of care. Recognizing that the duty of reasonable care that businesses owe to their invitees applies to cases where invitees are injured by out-of-control automobiles is not the same as concluding the duty has been breached because a business failed to take a certain level of precaution. Nor is it the same as concluding that the breach was the proximate cause of an invitee's injuries. In short, merely concluding that the duty applies does not constitute an automatic, broad-based declaration of negligence liability." *Id.* at 442-43.

¶ 14    Based on consideration of these factors, the *Marshall* court declined to create an exemption to the general duty rule.

¶ 15    We conclude that the same result is proper here.  There appears to be no dispute that defendant and plaintiff occupied the relationship of business invitor and invitee.  Therefore, section 344 of the Restatement imposed upon defendant a general duty to exercise reasonable care to protect plaintiff from injuries due to the negligence of others.  The four policy factors do not favor creating a categorical exemption for accidents involving kid's carts.  It is reasonably foreseeable that a customer pushing a kid's cart, which is longer and more unwieldy than an ordinary shopping cart, would collide with and injure another customer.  Furthermore, the likelihood of injury from such a collision is sufficiently high to militate against a categorical exemption from the general duty of reasonable care that a business invitor owes to an invitee.  Defendant argues that the burden of guarding against such injuries is too high.  Defendant notes that plaintiff would have defendant instruct customers on the use of kid's carts and employ personnel to monitor the store's aisles to ensure proper use.  However, the *Marshall* court rejected a similar argument that the measures the plaintiff sought to impose—*e.g.*, the installation of pillars or poles to prevent out-of-control vehicles from entering the restaurant—imposed too great a burden.  The court stated:

> "[T]he issue in this case is not whether defendants had a duty to install protective poles, or a duty to prevent a car from entering the restaurant, or some such other fact-specific formulation.  Because of the special relationship between defendants and the decedent, they owed the decedent a duty of reasonable care. The issue is whether, in light of the particular circumstances of this case, defendants breached that duty." *Id.* at 443-44.

¶ 16    The legal conclusion that a duty exists to exercise reasonable care does not translate into an obligation to take any particular precaution.  What, if anything, defendant should have done or

refrained from doing to protect plaintiff from the danger of being injured by a kid's cart is a question for the jury to decide when determining whether defendant breached its duty. In effect, defendant has framed the duty inquiry in narrow terms that conflate the concepts of duty and breach. In *Marshall*, the court observed that "[c]ourts could, after all, 'state an infinite number of duties if they spoke in highly particular terms,' and while particularized statements of duty may be comprehensible, 'they use the term duty to state conclusions about the facts of particular cases, not as a general standard.' " *Marshall*, 222 Ill. 2d at 443 (quoting 1 D. Dobbs, Torts § 226, at 577 (2001)).

¶ 17    Our decision in *Stearns v. Ridge Ambulance Service, Inc.*, 2015 IL App (2d) 140908, is instructive. In *Stearns*, the plaintiff's decedent was a nursing home resident who suffered fatal injuries while being transported to the nursing home in a "medi-van" following an offsite medical appointment. *Id.* 15. The plaintiff sued the ambulance service that operated the medi-van, the driver, and the nursing home. The nursing home, applying the four factors, "argue[d] for a fact-specific formulation of duty." *Id.* It proposed that,

> "where a nursing-home resident has been transported off-site in the past, without incident, by a properly vetted third-party transportation service, the nursing home has no duty: (1) to inspect the vehicle in which the resident will be returning to the nursing home; (2) to instruct the driver of that vehicle about any precautions for the resident's safety; or (3) to have a nursing-home employee accompany the resident." *Id.* ¶ 16.

Observing that duties are not to be formulated so narrowly, we declined to adopt this proposed no-duty rule. We noted that, in the particular context of nursing home liability, our prior case law had described the duty in far broader terms: " '[t]he proprietors of a convalescent home, somewhat like those of a private hospital, are under a duty to exercise reasonable care to avoid injury to patrons,

and the reasonableness of such care is to be assessed in the light of the patron's physical and mental condition.' " *Id.* ¶ 16 (quoting *Stogsdill v. Manor Convalescent Home, Inc.*, 35 Ill. App. 3d 634, 662 (1976)).

¶ 18    Defendant argues that "[t]o impose a duty on a retail company arising from the negligence of one of its customers operating a kid's shopping cart would be tantamount to making the retail company an insurer of the safety of its other customers." The argument misapprehends the nature of the duty imposed. We hold merely that plaintiff's injury was not exempt, as a matter of law, from the general duty of reasonable care that a business invitor owes its invitees. That duty does not make defendant an insurer of plaintiff's safety. Defendant may be found liable only if it breached its duty, which is question for the jury. Specifically, it is for the jury to decide whether the duty to exercise reasonable care required defendant to take any particular measures to protect against a particular injury. Our holding does not imply that the scope of the defendant's duty is unlimited; it merely recognizes the respective functions of the court and the jury in negligence cases.

¶ 19    To summarize, we conclude that because defendant and plaintiff occupied the special relationship of business invitor and invitee, defendant owed plaintiff a general duty to exercise reasonable care to protect plaintiff from injuries due to the negligence of other customers. We conclude that the foreseeability and likelihood of injury militates against the creation of an exemption to this duty for injuries caused by the use of kid's carts. Furthermore, because recognition of this general duty does not imply that defendant must take any particular measures, we reject defendant's argument that the burden of guarding against injury is so great that an exemption is warranted. In determining whether defendant breached its duty to plaintiff to exercise

reasonable care, the jury will ascertain whether the duty required the particular measures—instruction and supervision—that plaintiff suggests.

¶ 20                                         III. CONCLUSION

¶ 21     For the reasons stated, we reverse the judgment of the circuit court of Kane County and remand for further proceedings.

¶ 22     Reversed and remanded.